———————o———————

## No. 6103.

## JNO. C. LEWIS & CO. vs. BAYOU SALE PLANTING COMPANY, ET AL.

### Syllabus.

1. Where a corporation gives its note for its own obligation, thereby inducing the creditor to rely and sue upon the note instead of upon its claim, it is estopped from setting up technical informalities in the confection of such note.

2. A surety can require a discussion only upon complying with the requirements of C. C., 3047.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 101,197. Hon. Porter Parker, Judge.

C. F. Borah and H. C. Bloch, for plaintiff and appellee.

Charles Schneidau, for defendant and appellant.

W. W. Wall, attorney.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Defendant Company insured its property and gave its note for the premium. It sets up as a defense that the note was signed by its president alone, whilst its charter requires that it should be signed by both president and secretary.

Such a defense cannot avail as to a note given for a valid obligation of the corporation. It was clearly within the scope of the president's duty to make provisions for the payment of its obligations. By giving the note he has induced the plaintiffs to rely and sue upon the note instead upon their claim, and the corporation is estopped from seeking to change a condition brought about by the act of its president.

For still stronger reasons that defense cannot avail the other defendant. As surety he cannot avail himself of the want of capacity in the principal debtor, C. C., 3036, and having himself signed the note on behalf of the corporation he is personally liable if he had no authority to do so. C. C., 3010.

As to his right to insist upon a discussion of the property belonging to the corporation, he cannot do so unless he complies with the requirements of Art. 3047, C. C. He may still do so at the proper time. C. C., 3051.

Judgment affirmed.

Opinion and decree, May 18th, 1914

Rehearing refused, June 15th, 1914.

GODCHAUX, J.—I concur in the decree.